IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKY JAMES DEMONTINEY,<br><br>Defendant. | CR 23-109-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Ricky James Demontiney (Demontiney) has been accused of violating the conditions of his supervised release. (Docs. 50 and 53). Demontiney admitted to some of the alleged violations. Demontiney's supervised release should be revoked. Demontiney should be sentenced to TIME SERVED, with 30 months of supervised release to follow.

## II. Status

Demontiney pled guilty on May 1, 2024, to the offense of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § § 841(a)(1),

(b)(1)(C), as charged in Count 2 of the Indictment. (Doc. 31). Demontiney was sentenced to TIME SERVED, with 3 years of supervised release to follow. (Doc. 47). Demontiney's current term of supervised release began on June 25, 2024.

### Petition

On January 30, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Demontiney's supervised release. (Doc. 50). The Petition alleged Demontiney violated conditions of his supervised release by: (1) using methamphetamine on January 28, 2025; and (2) consuming alcohol on January 28, 2025.

### Amended Petition

On February 12, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Demontiney's supervised release. (Doc. 53). The Amended Petition alleged Demontiney had additionally violated his supervised release by: (3) being charged on January 29, 2025 with Possession of Dangerous Drugs with Intent to Sell or Sale of Dangerous Drugs, in violation of Title IV, Part VI, § 2.7 of the Fort Belknap Tribal Code; (4) being charged on January 29, 2025, with Criminal Possession of Dangerous Drugs in violation of Title IV, Part VI, § 2.2 of the Fort Belknap Tribal Code for being in possession of fentanyl; (5) being charged on January 29, 2025 with Criminal Possession of Dangerous Drugs in violation of Title IV, Part VI, § 2.2 of the Fort Belknap Tribal Code for possession

of methamphetamine on December 18, 2024; and (6) being charged on January 29, 2025 with Criminal Possession of Drug Paraphernalia in violation of Title IV, Part VI, § 2.3 of the Fort Belknap Tribal Code.

### Initial Appearance

Demontiney appeared before the Court on February 25, 2025. Demontiney was represented by counsel. Demontiney stated that he had read the Amended Petition and that he understood the allegations against him. Demontiney waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned. Demontiney requested a continuance. The Court continued the hearing until March 11, 2025, at 1:30 p.m.

### Revocation Hearing

Demontiney appeared before the Court on March 11, 2025. Demontiney admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (1) using methamphetamine on January 28, 2025; and (2) consuming alcohol on January 28, 2025. The Government moved to dismiss allegations 3-6, which the Court granted. Demontiney's admitted violations are serious and warrant revocation of his supervised release. The Court held sentencing in abeyance until June 10, 2025, which was subsequently rescheduled for June 11, 2025.

**Sentencing hearing**

Demontiney appeared before the Court on June 11, 2025. Demontiney's violations are a Grade C. His criminal history category is I. Demontiney's underlying offense is a Class C felony. Demontiney could be incarcerated for up to 24 months. Demontiney could be ordered to remain on supervised release for 36 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Demontiney's supervised release should be revoked. Demontiney should be sentenced to TIME SERVED, with 30 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Demontiney that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Demontiney of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Demontiney that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any,

sanction to impose. Demontiney waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That RICKY JAMES DEMONTINEY has violated the conditions of his supervised release by: (1) using methamphetamine on January 28, 2025; and (2) consuming alcohol on January 28, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Demontiney's supervised release and sentence Demontiney to TIME SERVED, with 30 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 12th day of June 2025.

John Johnston
United States Magistrate Judge